## CORRADO SOCIETA ANONIMA DI NAVIGAZIONE v. L. MUNDET & SON, Inc.

### No. 6375.

Circuit Court of Appeals, Third Circuit.

Aug. 3, 1937.

Loomis, Williams & Donahue, of New York City, and Biddle, Paul, Dawson & Yocum, of Philadelphia, Pa. (Homer L. Loomis, of New York City, and Howard H. Yocum, of Philadelphia, Pa., of counsel), for appellant.

Bigham, Englar, Jones & Houston, of New York City, and Hemphill & Brewster, of Philadelphia, Pa. (John Hemphill, of Philadelphia, Pa., and Henry N. Longley and Ezra G. Benedict Fox, both of New York City, of counsel), for appellee.

Before THOMPSON and BIGGS, Circuit Judges, and DICKINSON, District Judge.

DICKINSON, District Judge.

The steamship Albisola, owned by the appellant, had undertaken the carriage of a cargo for the appellees. The charter party contained no Jason clause. The ship was stranded while attempting to pass through what is known as the Town Cut channel leading from the harbor of St. Georges, Bermuda. The controversy began with a libel filed by the cargo owners against the ship for damage to the cargo, part of which had been jettisoned in the common interest of ship and cargo. Average adjusters had appraised the general average claim of the ship at $46,789.60, for which the ship filed a cross-libel. The cross-libel made the usual general average claim averments, and further that in order to secure the release of the cargo from the lien for this claim, the cross-respondent agreed to pay all such general average contributions as should be found to be payable, and that thereupon the cross-libelant had released the cargo. The general average contribution was subsequently appraised, as above mentioned, at $46,789.60. The answer denies liability for any general average contribution and denies the agreement to pay any such contribution except its agreement "to pay such general average contribution, if any, as might be found to be properly payable in respect to said cargo." The proceedings on the original libel were stayed by the court and the cause tried upon the cross-libel. The learned trial judge dismissed the cross-libel upon his fact finding: "7. The stranding of the Albisola was due to negligence in navigation in attempting to leave the harbor under the (then) existing conditions." The appeal now being considered is from that decree.

Without entering into any discussion of the law of general average contributions, all are agreed that no claim of the ship against the cargo for contribution can be sustained by a stranded ship, if the stranding was due to faulty navigation of the ship. The Irrawaddy, 171 U.S. 187, 18 S.Ct. 831, 43 L.Ed. 130.

The instant case in consequence resolves itself into one of a simple fact finding. The trial court found against the cross-libelant and the dismissal of the cross-libel followed. The crucial fact was found from evidence including the testimony of witnesses. It is quite voluminous and unnecessary to be reviewed. The opinion of the learned trial judge vindicates the findings he has made.

This leaves in the case only the effect of the agreement for the adjustment of the quantum of the general average contribution, if any is payable. The learned trial judge in his discussion of this question has made it clear that the agreement here was not one to pay a general average contribution but an agreement upon the sum pay-

able, if any. The District Court found that none was payable and in so finding it was right.

The decree appealed from is affirmed, with costs to the appellees.